IN **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
5:12-cv-21-RLV
(5:99-cr-11-RLV-3)

| | |
|---|---|
| **ROBERT EARL HAIRSTON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals, following that court's determination that this Court erred when it dismissed Petitioner's motion to vacate as an unauthorized successive petition. Also pending before this Court is a "Motion for Summary Judgment" filed by Petitioner. (Doc. No. 18). In the underlying petition, pro se Petitioner Robert Earl Hairston moves to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that he is entitled to resentencing because a state court has vacated one of the prior convictions included in calculating his criminal history for sentencing in this Court.

### I.    BACKGROUND

1. Petitioner is a leader in a large-scale drug trafficking organization operating in western North Carolina.

From the early to mid-1990s, Petitioner Hairston was part of a drug trafficking organization responsible for distributing crack and powder cocaine throughout western North Carolina. (Criminal Case No. 5:99-cr-11-RLV-3, PSR at 4-5). Petitioner's operation was based

1

in Hickory, North Carolina, where he received regular multi-kilogram shipments of powder cocaine from his coconspirators. (Id. at 7). After receiving the deliveries, Petitioner and his crew cooked the powder cocaine into crack cocaine for distribution throughout the surrounding counties. (Id.). As one of the managers of the organization, Petitioner supervised the drug-dealing activities of several of his coconspirators, leading organizational meetings, handing out assignments to his fellow drug dealers, and monitoring their activities via radio. (Id.). Petitioner's participation in the drug distribution network ended in late 1994, when he was sent to jail in Virginia for a probation violation. (Id. at 8).

 2. Petitioner's guilty plea and conviction.

On July 10, 2001, the Grand Jury for the Western District of North Carolina charged Petitioner in a superseding bill of indictment with conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Id., Doc. No. 301: Superseding Indictment). On April 19, 2002, Petitioner pled guilty pursuant to a written plea agreement. (Id., Doc. No. 342: Entry & Acceptance of Guilty Plea; Doc. No. 334: Plea Agreement). In preparation for sentencing, the probation officer prepared a presentence investigation report, recommending a guidelines range of 324 to 405 months in prison based on a total offense level of 38 and a criminal history category of IV. (Id., PSR at 19). Before sentencing, Petitioner objected to two criminal history points, which were associated with a pair of no-operator's-license convictions in the North Carolina District Court for Catawba County. (Id., Doc. No. 351: Objection). Petitioner contended that he was innocent of the offenses because he was not in North Carolina at the time they reportedly occurred. (Id. at 1).

Petitioner's sentencing hearing was held on February 21, 2003. (Id., Doc. No. 513: Sent.

2

Hr'g Tr.). At the outset, the Court addressed Petitioner's objection to the criminal history points. (Id. at 4-5). Based on his investigation, defense counsel acknowledged that the convictions properly counted toward Petitioner's criminal history, explaining that he had learned from probation records that, contrary to Petitioner's recollection, he in fact had a Catawba County address for the time period covering the no-operator's-license offenses. (Id.). In light of Petitioner's concession, this Court adopted the presentence report, including the guidelines range of 324 to 405 months in prison. (Id. at 6). Both parties recommended a low-end sentence to run concurrent with a state sentence Petitioner was serving. (Id. at 7-10). This Court adopted the parties' recommendation, sentencing Petitioner to 324 months in prison. (Id. at 10).

This Court entered judgment on March 11, 2003, and Petitioner did not appeal. (Id., Doc. No. 355: Judgment). Petitioner's sentence was subsequently reduced on two occasions based on retroactively applicable amendments to the crack cocaine guidelines. (Id., Doc. Nos. 478; 492: Orders). In light of the amendments, this Court reduced Petitioner's sentence to 210 months in prison, based on an offense level of 34 and criminal history category of IV. (Id., Doc. No. 487). Petitioner's sentence was further reduced on March 9, 2015, pursuant to Amendment 782 of the sentencing guidelines, to time served, plus ten days.[1] (Id., Doc. No. 543).

    3. Petitioner files a series of post-conviction motions, asserting various challenges to his

---

[1] Although the latest reduction in his sentence entitles Petitioner to release from prison on November 1, 2015, the Court finds that the instant petition is not moot, as there is a remote possibility that, if Petitioner were to prevail on the petition, he could be released before November 1, 2015. That is, the PSR as to the effect of Amendment 782, filed on March 5, 2015, states that BOP credited time is 184 months. (Id., Doc. No. 541 at 2: PSR). Petitioner contends that he is entitled to resentencing pursuant to a criminal history category of III, resulting in an advisory guidelines range of 188 to 235 months. Thus, if the Court were to grant the relief Petitioner seeks and further sentence him to the low end of the guidelines range, he could potentially be released before the November 1, 2015, date.

sentence.

On February 19, 2004, Petitioner filed his first motion to vacate under 28 U.S.C. § 2255, alleging that law enforcement "unlawfully coerced" statements from coconspirators regarding his role as a leader in the conspiracy, that the government withheld favorable information bearing on his guilt, and that defense counsel was ineffective for failing to object to the use of his coconspirators' statements to enhance his sentence. (Id., Doc. No. 373: Motion to Vacate, 5:04-cv-17). On April 30, 2004, this Court dismissed Petitioner's motion, concluding that his challenge to the sentencing enhancement was procedurally barred and that the remaining claims of prosecutorial misconduct and ineffective assistance of counsel failed on the merits. (Id., Doc. No. 376).

Between 2004 and 2011, Petitioner filed a series of post-conviction motions, asserting a variety of claims. First, in July 2004, Petitioner submitted an untitled claim for relief, alleging ineffective assistance at sentencing. (Civil No. 5:04cv17, Doc. No. 4). Next, in June 2005, Petitioner filed a motion to supplement his § 2255 motion, seeking an "abeyance" pending the outcome of cases in Virginia and North Carolina. (Id., Doc. No. 5). Third, in November 2010, Petitioner filed a motion to reinstate his § 2255 motion, contending that this Court's order denying his first § 2255 motion contained several factual errors. (Id., Doc. No. 6). Finally, in June 2011, Petitioner filed two motions to supplement or reinstate the § 2255 motion, challenging the calculation of his offense level and criminal history. (Id., Doc. Nos. 9; 10). Petitioner also filed with the Court on September 12, 2011, a letter challenging the inclusion of the two, no-operator's-license convictions in his criminal history. (Id., Doc. No. 11: Letter). This Court denied Petitioner's various motions in orders dated March 7, 2011, and September 28, 2011, concluding that Petitioner's motions represented unauthorized successive § 2255

petitions, were time-barred, or otherwise lacked merit. (Id., Doc. Nos. 8; 12).

  4. Petitioner files the pending § 2255 motion, challenging one of the criminal history points included in the calculation of his guidelines range.

  On February 15, 2012, Petitioner filed the instant motion to vacate his sentence under § 2255. In support, Petitioner argues that he is entitled to resentencing because a state court vacated one of the prior convictions included in the calculation of his criminal history. (Doc. No. 1 at 4-8). Petitioner explains that, on June 29, 2011, he filed a motion for appropriate relief in North Carolina Superior Court, claiming that one of his prior no-operator's-license convictions was obtained in violation of his right to counsel under Gideon v. Wainright, 372 U.S. 335 (1963). (Id. at 5; 8). Along with his § 2255 motion, Petitioner has attached a judgment from the North Carolina District Court for Catawba County, dated August 17, 2011, in which that court vacated Petitioner's 1991 no-operator's-license conviction because there was "no indication that [Petitioner] was advised of his right to counsel and no evidence that he waived his right to counsel." (Doc. No. 1-3). In his motion, Petitioner argues that because the no-operator's-license conviction was "in violation of Gideon v. Wainright," he is entitled to resentencing without the additional criminal history point associated with that prior conviction. (Id. at 5). Arguing that subtracting the criminal history point associated with the vacated state conviction would lower his criminal history category, Petitioner claims he is entitled to resentencing pursuant to a criminal history category of III, resulting in an advisory guidelines range of 188 to 235 months in prison.[2]

---

[2] Petitioner actually argued in his pro se motion to vacate, which was filed before his sentence was reduced under the retroactive amendments to the sentencing guidelines, that the guidelines range would be 292 to 365 months in prison, (Doc. No. 1 at 4), but on appeal his counsel argued

On October 10, 2012, this Court dismissed Petitioner's motion as an unauthorized successive petition. (Doc. No. 5: Order). On appeal, the United States Court of Appeals for the Fourth Circuit reversed and remanded, holding that a numerically second § 2255 motion is not second or successive within the meaning of § 2255(h) where it is based on a fact (i.e., vacatur of a state judgment) that did not exist when the numerically first motion was filed and adjudicated. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014). This matter is now back before this Court on remand. In its Response, the Government contends that the petition should be denied for any one of the following three reasons: (1) Petitioner's claim challenging a single criminal history point is not cognizable under § 2255; (2) Petitioner procedurally defaulted his claim; and (3) Petitioner failed to act with due diligence in seeking vacatur of his state conviction following this Court's entry of judgment.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255 Proceedings. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

to the Fourth Circuit Court of Appeals that the resulting guidelines range would be 188 to 235 months in prison. See (No. 12-8096, Doc. 36 at 10 n.3 (4th Cir.)).

## III.   DISCUSSION

In its Response, the Government first argues that Petitioner's claim challenging a single criminal history point included in his guidelines calculation is not cognizable under § 2255. The Court agrees. Under § 2255, post-conviction relief is only available if the petitioner establishes (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Supreme Court has long held that a claim of error that is neither jurisdictional nor constitutional is not cognizable in a § 2255 motion, unless it involves "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). Similarly, the Fourth Circuit has described cognizable non-constitutional claims as those "involving a claim of 'error of fact or law of the "fundamental" character that renders the entire proceeding irregular and invalid.'" United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010) (quoting United States v. Addonizio, 442 U.S. 178, 186 (1979)).

Although the Fourth Circuit has recognized that the "application of a career offender or other habitual offender guideline provision" based on a "fundamental defect" in the predicate conviction may justify collateral relief, it has not extended that reasoning to cover other guidelines errors, such as the calculation of criminal history points. United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999). Instead, the Fourth Circuit has emphasized that "a misapplication of the guidelines typically does not constitute a miscarriage of justice." Id. at 496. When presented with a run-of-the-mill "error in the application of the Sentencing

Guidelines," the Fourth Circuit has held that relief under § 2255 is unavailable "[b]arring extraordinary circumstances." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). See also Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014) (discussing the principle that ordinary guidelines errors are not cognizable under § 2255), overruled on other grounds, 775 F.3d 180 (4th Cir. 2014) (en banc).[3] Consistent with these principles, the cases in which a petitioner has been permitted to pursue habeas relief based on a fundamental defect in a predicate conviction have involved either an enhancement under the career offender provisions of the sentencing guidelines, U.S.S.G. § 4B1.1, or an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e). See United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003) (career offender); United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994) (career offender); see also Daniels v. United States, 532 U.S. 374 (2001) (armed career criminal); Custis v. United States, 511 U.S. 485 (1994) (armed career criminal).

Here, Petitioner cannot show that his sentence was unlawful or unconstitutional, that this Court lacked jurisdiction, or that his sentence exceeded the statutory maximum. Rather, he claims that his sentence is "otherwise subject to collateral attack" because one of his criminal history points was based on a prior conviction that the state court later vacated due to a violation of his right to counsel. An examination of Petitioner's claim, however, does not reveal any extraordinary circumstances warranting § 2255 relief. Rather, Petitioner is complaining about an ordinary guidelines error, which does not amount to a miscarriage of justice. Indeed, even if Petitioner were to ultimately prevail in his challenge to the criminal history point associated with

---

[3] Although in an en banc rehearing the Fourth Circuit in Whiteside reversed the panel decision applying equitable tolling to a petitioner's claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Fourth Circuit's discussion in the panel decision reinforces the principle that misapplication of the guidelines typically does not constitute a miscarriage of justice.

his vacated state conviction, the 210-month sentence he is now serving is squarely within the 188-to-235-month range he contends should apply. Under these circumstances, Petitioner is unable to show that the alleged error in the calculation of his guidelines range represents the type of "fundamental" defect that "renders the entire proceeding irregular and invalid" and subjects his otherwise lawful and constitutional sentence to collateral attack. See Pettiford, 612 F.3d at 278. In sum, consistent with Supreme Court and Fourth Circuit precedent, Petitioner's claim of an ordinary guidelines error is not cognizable under § 2255 and his petition is subject to dismissal for this reason alone.

The Court further agrees with the Government that, additionally, Petitioner's claim is procedurally defaulted because he failed to challenge, based on the violation of his right to counsel, the state court conviction during his initial sentencing in this Court. Under the "procedural-default rule," where a defendant fails to pursue an available claim in the initial proceedings or on direct appeal, he may not later raise that claim in a collateral attack. See Massaro v. United States, 538 U.S. 500, 504 (2003). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 492-93 (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Here, Petitioner's claim that a prior conviction used to calculate his sentence was obtained in violation of his right to counsel was available to him at his initial sentencing. In Custis v. United States, 511 U.S. 485, 487 (1994), the Supreme Court held that a defendant may not ordinarily challenge the validity of a prior state conviction used to enhance a sentence in the

course of the federal proceeding. The Court recognized an exception, however, for convictions obtained in violation of the right to counsel. Id. at 487. Thus, in light of Custis, "[a] defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel" in connection with the prior conviction. United States v. Draper, 380 F. App'x 284, 285 (4th Cir. 2010) (unpublished). Because Petitioner had the ability to challenge the inclusion of the no-operator's-license conviction on the basis that it was obtained in violation of his right to counsel at his initial sentencing, his failure to do so constitutes a procedural default of that claim. Moreover, Petitioner has not shown cause and actual prejudice to overcome the procedural default. The basis for Petitioner's challenge to the state-court conviction was well established at the time of his initial sentencing, and the sentence Petitioner received is in the middle of the range he contends should apply at resentencing.

Finally, the Court agrees with the Government that the petition is subject to dismissal for the additional reason that Petitioner did not act with due diligence in challenging his prior state court conviction. Where a petitioner seeks relief based on the vacatur of a prior state conviction used to enhance a subsequent federal sentence, the petitioner must act diligently in seeking the vacatur of the state conviction from the date in which judgment is entered in the federal case. See Johnson v. United States, 544 U.S. 295, 310-11 (2005) (holding that the defendant "fell far short of reasonable diligence" where, although he knew that his prior state conviction subjected him to a career-offender enhancement, he failed to attack the predicate conviction in state court for more than three years after entry of the judgment in the federal case); see also In re Weathersby, 717 F.3d 1108, 1111 (10th Cir. 2013) (recognizing that a claim is timely only if the defendant diligently pursued vacatur of the state conviction following entry of federal judgment); Stewart v. United States, 646 F.3d 856, 863-64 (11th Cir. 2011) (same).

Here, although the basis for his challenge would have been apparent from the outset, Petitioner did not challenge his prior state conviction on the basis of the denial of his right to counsel until 2011, more than eight years after judgment was entered in the criminal case—and nearly twenty years after the no-operator's-license conviction. Instead, Petitioner filed a series of post-conviction motions before this Court raising a variety of issues and challenged his state convictions on the basis of factual innocence. Under the circumstances of this case, then, the petition is subject to dismissal for the additional reason that Petitioner's challenge to the state court conviction was untimely.

### IV.     CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**. To this extent, Petitioner's Motion for Summary Judgment, (Doc. No. 18), is **DENIED**.

2.     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

3.     The Clerk is instructed to terminate this action.

Signed: April 13, 2015

Richard L. Voorhees
United States District Judge